UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINO A LLC et al.,<br><br>                            Plaintiffs,<br><br>                -against-<br><br>ACCREDITED SURETY AND CASUALTY COMPANY et al.,<br><br>                           Defendants. | Case No. 1:23-cv-10919<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

       On December 15, 2023, this action was removed from the Supreme Court of New York, New York County, by Defendant Midvale Indemnity Company ("Midvale"). *See* ECF No. 1 ("Notice of Removal"). Midvale asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 24. Midvale alleges that it is a citizen of Wisconsin and that Defendant Accredited Surety and Casualty Company is a citizen of Florida. *Id.* ¶¶ 9-10. Midvale alleges that: (1) Plaintiff Domino A LLC is a "domestic limited liability company with a principal business address" in New York; (2) Plaintiff Domino A Partners LLC is a "domestic limited liability company with a principal business address" in New York; (3) Plaintiff Domino B LLC is a "domestic limited liability company with a principal business address" in New York; (4) Plaintiff Domino B Partners LLC is a "domestic limited liability company with a principal business address" in New York; (5) Plaintiff 316 Kent Construction LLC is a "domestic limited liability company with a principal business address" in New York; and Plaintiff Upland Specialty Insurance Company is a "Texas corporation with a principal business address" in Texas. *Id.* ¶¶ 3-8.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*,

213 F.3d 48, 51-52 (2d Cir. 2000).  Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC.  *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction).  In the present case, the Notice of Removal fails to do so.

Accordingly, it is hereby ORDERED that, on or before January 5, 2024, Defendant Midvale shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising the Plaintiff LLCs (including the state of incorporation and principal place of business of any corporate entity member).  If, by that date, the Defendant is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Finally, Defendant is directed to, **within two business days of this Order**, serve on all other parties a copy of this Order and to file proof of such service on the docket.  Counsel for all other parties are directed to file a notice of appearance on the docket **within two business days of such service**.

Dated: December 18, 2023
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge