UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINO A LLC, et al.,<br><br>         Plaintiffs,<br><br>-against-<br><br>ACCREDITED SURETY AND CASUALTY COMPANY and MIDVALE INDEMNITY COMPANY,<br><br>         Defendants. | No. 1:23-cv-10919 (JLR)<br><br>**<u>ORDER</u>** |
| MIDVALE INDEMNITY COMPANY,<br><br>         Third-Party Plaintiffs,<br><br>-against-<br><br>A2Z CONSTRUCTION SERVICES, INC., et al.,<br><br>         Third-Party Defendants. | |

JENNIFER L. ROCHON, United States District Judge:

  On December 15, 2023, this action was removed from the Supreme Court of New York, New York County, by Defendant Midvale Indemnity Company ("Midvale"). *See* ECF No. 1 ("Notice of Removal"). Midvale asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 24. On December 18, 2023, the Court ordered Midvale to cure certain deficiencies in its Notice of Removal on or before January 5, 2024. ECF No. 3.

  On December 29, 2023, Domino A LLC, Domino A Partners LLC, Domino B LLC, Domino B Partners LLC, 316 Kent Construction LLC, and Upland Specialty Insurance Company (collectively, "Plaintiffs") filed a motion to remand this action pursuant to 28 U.S.C §§ 1447(c) and 1446(b)(2)(A). ECF No. 11. Plaintiffs' motion to remand this action includes a declaration from the attorney representing Defendant Accredited Surety and Casualty

1

Company ("Accredited") in this action. ECF No. 11-13 ("Manela Decl."). Accredited's attorney declared that Accredited was served with the Summons and Complaint in the state court action on November 20, 2023. *Id.* ¶ 2. Accredited's attorney also declares that "Accredited has no record that it was contacted by or on behalf of Midvale Indemnity Company, as to consent to Removal of this litigation from State Court to Federal Court." *Id.* ¶ 3. Further, Accredited's attorney declares that "Accredited does not consent to Removal of this matter to Federal Court . . . [and] has never consented to such Removal." *Id.* ¶ 4.

A civil action may not be removed unless "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C § 1146(b)(2)(A); *accord Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). A Defendant who does not join in the removal "must independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66. "A defendant has only thirty days after receiving the initial pleading or summons, whichever period is shorter, to file the notice of removal in federal court and have the other defendants all consent to removal." *Parkinson v. City of New York*, No. 21-cv-4113 (JPC), 2021 WL 5323294, at *2 (S.D.N.Y. Oct. 20, 2021) (cleaned up) (citing *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021)).

As explained above, Defendant Accredited was served on November 20, 2023, Manela Decl. ¶ 2, before Midvale removed the action on December 15, 2023, Notice of Removal. However, Midvale did not obtain the consent of its co-defendant, Accredited, before commencing the removal. Manela Decl. ¶¶ 2-3. Therefore, it is not the case that "all defendants who have properly been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. § 1146(b)(2)(A).

Further, the 30-day period for Midvale to "file the notice of removal in federal court and have the other defendants all consent to removal," *Parkinson*, 2021 WL 5323294, *2, has

2

lapsed, because according to the Notice of Removal, "Midvale was served with a Summons and Verified Complaint for State Court Lawsuit . . .[o]n November 16, 2023." Notice of Removal ¶ 39. Even if Accredited were to consent to removal now – which Accredited's attorney disclaims – a properly served defendant cannot cure a failure to timely consent after the 30-day statutory period has lapsed. *See Taylor*, 15 F.4th at 149.

Accordingly, Plaintiff's motion to remand, ECF No. 11, is GRANTED. The case is REMANDED to the State Court of the State of New York, County of New York. Any other pending motions are moot and any conferences are canceled. The Clerk of Court is respectfully directed to close the case.

Dated: January 2, 2024
      New York, New York

                                      SO ORDERED.

                                      *Jennifer Rochon*
                                      JENNIFER L. ROCHON
                                      United States District Judge